IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01002-PAB-MDB

LYNDA J. HANFORD,

    Plaintiff,

v.

E.H., a minor child, and
M.H., a minor child,

    Defendants.

## ORDER

This matter comes before the Court on Defendant Lynda Hanford's Motion Requesting Approval of the Stipulation of June 7, 2024 [Docket No. 54],[1] Plaintiff's Unopposed Motion to Disburse Funds [Docket No. 56], Joint Motion for Status Conference and Disbursement of Interpleader Funds [Docket No. 57], Renewed Joint Motion for Status Conference and Disbursement of Interpleader Funds [Docket No. 58], and Genworth Life Insurance Company's Renewed Motion to Disburse Funds [Docket No. 59]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.[2]

---

[1] Lynda Hanford was originally named as a defendant in this interpleader action. *See* Docket No. 1 at 1. After the Court dismissed the original plaintiff, Genworth Life Insurance Company, from this case, the Court realigned the parties, making Ms. Hanford the plaintiff and her minor children the defendants. *See* Docket No. 55 at 2.

[2] The Court treats this action as a "rule interpleader" brought under diversity jurisdiction and governed by Federal Rule of Civil Procedure 22 rather than a "statutory interpleader" brought pursuant to 28 U.S.C. § 1335. *See* Docket No. 53 at 3-4.

The underlying issue in this action was whether the proceeds of a decedent's life insurance policy (the "Death Benefit") should be disbursed to the decedent's wife or to the decedent's minor children. Docket No. 1 at 2-4, ¶¶ 9-20. Genworth Life Insurance Company ("Genworth"), the issuer of the life insurance policy, brought this interpleader action asking the Court to determine the appropriate recipient of the Death Benefit. *Id.* at 4. Genworth deposited the Death Benefit and applicable interest, totaling $790,551.03, into the registry of the Clerk of the Court. Docket No. 33. The assigned magistrate judge appointed Richard J. Banta as guardian ad litem to represent the interests of the minor children. Docket No. 35 at 1-2.

The magistrate judge recommended that Genworth be reimbursed $15,000 from the corpus of the Death Benefit for the attorneys' fees Genworth incurred in bringing this action. Docket No. 53 at 9. The magistrate judge also recommended that Genworth be dismissed with prejudice and that the parties be realigned, with the decedent's wife as the plaintiff and the decedent's minor children as the defendants. *Id.* No party objected to the recommendation, and the Court accepted it. Docket No. 55 at 1-2.

The decedent's wife and minor children have reached an agreement regarding the distribution of the Death Benefit. *See* Docket No. 48 at 1-2, ¶¶ 1, 4-5. The parties now move for the Court to disburse the funds from the registry in accordance with their agreement. Docket No. 54 at 2-3. Specifically, the parties ask that the entirety of the interpleader funds in the registry be delivered to Kelly B. Campbell P.C. and that the Court order counsel for plaintiff, Kelly B. Campbell, to pay from the interpleader funds 1) $15,000 owed to Genworth for attorneys' fees directly to Genworth's counsel, 2) $5,000 owed to Richard J. Banta, the guardian ad litem, directly to him, and 3) the remainder of

the funds to the Hanford Family Irrevocable Trust, with said funds to be strictly administered in accordance with the terms of the Trust document attached to the motion. *Id.* at 2-3. The Court will grant the motion and order that the Clerk of the Court disburse the interpleader funds to Kelly B. Campbell P.C. and will order Kelly B. Campbell to distribute those funds in the manner described in the motion filed by plaintiff, the decedent's wife, on September 17, 2024. *See* Docket No. 54 at 2-3.

It is therefore

**ORDERED** that Defendant Lynda Hanford's Motion Requesting Approval of the Stipulation of June 7, 2024 [Docket No. 54] is **GRANTED**. It is further

**ORDERED** that the Clerk of the Court shall disburse all funds currently held in the Court registry in connection with this case, including all interest accrued, less the registry fee assessment, to Kelly B. Campbell P.C., c/o Kelly B. Campbell, 5105 S. DTC Pkwy., Suite 300, Greenwood Village, CO 80111. It is further

**ORDERED** that Kelly B. Campbell shall, upon receiving the funds from the Clerk of the Court, pay $15,000 owed to Genworth Life Insurance Company for attorneys' fees to Genworth's counsel. It is further

**ORDERED** that Kelly B. Campbell shall, upon receiving the funds from the Clerk of the Court, pay $5,000 owed to Richard J. Banta, the guardian ad litem, to Mr. Banta. It is further

**ORDERED** that Kelly B. Campbell shall, upon receiving the funds from the Clerk of the Court and having made the requisite payments to Genworth's counsel and to Richard J. Banta, pay the remainder of the funds to the Hanford Family Irrevocable Trust by and through Lynda Hanford. It is further

**ORDERED** that Lynda Hanford, as the trustee of the Hanford Family Irrevocable Trust, shall deposit and manage the funds paid to the trust in strict accordance with the terms of the trust document submitted to the Court at Docket No. 54-2. It is further

**ORDERED** that Docket Nos. 56, 57, 58, and 59 are **DENIED as moot**. It is further

**ORDERED** that this case is closed.

DATED April 15, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4